UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

ZEBIN HOSSAIN,

                Plaintiff,

    -against-                           **MEMORANDUM AND ORDER**
                                                      21-CV-2833 (FB) (TAM)

UNILEVER UNITED STATES, INC.,

                Defendant.

---------------------------------------------------------X

**TARYN A. MERKL,** United States Magistrate Judge:

    Plaintiff Zebin Hossain initiated this action against Defendant Unilever United States, Inc. on May 19, 2021, alleging personal injury claims related to her use of shampoo products manufactured by Defendant. (*See* Complaint ("Compl."), ECF No. 1, ¶¶ 3, 113–51.) Defendant filed its answer on July 12, 2021, and now seeks leave to amend in order to assert an affirmative defense that Plaintiff's claims are barred by the applicable statute of limitations. (*See* Answer, ECF No. 10; Pre-Mot. Conference Req., ECF No. 30; Br. in Supp. of Def.'s Mot. for Leave to Amend ("Def.'s Supp. Br."), ECF No. 35.) For the reasons set forth below, the Court grants Defendant's motion to amend.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I. Procedural History

    As alleged in the complaint, "Plaintiff purchased TRESemmé Products containing DMDM in this District in 2020, including TRESemmé Keratin Smooth." (Compl., ECF No. 1, ¶ 44.) Plaintiff states that, "[a]fter she began using Defendant's product containing DMDM[,] Plaintiff began experiencing hair loss, thinning hair, and scalp

1

irritation, including during and after washing her hair with TRESemmé Products containing DMDM." (*Id.* ¶ 45.) The complaint alleges that "[i]n 2021, Plaintiff became aware that the TRESemmé Products were associated with hair loss, thinning hair, and scalp irritation . . . ." (*Id.* ¶ 47.)

Plaintiff subsequently filed this suit on May 19, 2021, alleging personal injury, including three claims sounding in products liability (manufacturing defect, design defect, and failure to provide adequate warning), as well as a claim for negligence.[1] (*Id.* ¶¶ 113–51.) Defendant filed an answer on July 12, 2021. (Answer, ECF No. 10.) At the initial conference held on August 26, 2021, the Court set a discovery schedule. (Aug. 26, 2021 ECF Minute Entry and Order.) The order entered after the initial conference states as follows: "The deadline for joining additional parties and amending the pleadings is 1/6/2022." (*Id.*) On August 24, 2022, Defendant deposed Plaintiff, and, as Defendant asserts, "Plaintiff confirmed that she purchased the shampoo in 2017 and allegedly noticed hair loss in early 2018." (Def.'s Pre-Mot. Conference Req., ECF No. 30, at 2.)

The parties filed a notice on September 7, 2022, "certify[ing] that fact discovery [was] complete," except for some outstanding discovery requested from a non-party. (Sept. 7, 2022 Discovery Certification, ECF No. 28.) On September 8, 2022, following the completion of fact discovery, the Honorable Frederic Block placed the case on his "trial ready calendar." (Sept. 8, 2022 ECF Notice.) Plaintiff disclosed her expert witness on September 23, 2022, and, on June 6, 2023, the parties filed a joint letter certifying the close of all discovery. (*See* Resp. to Def.'s Pre-Mot. Conference Req., ECF No. 31, at 1; June 6, 2023 Discovery Certification, ECF No. 38.)

---

[1] Plaintiff, who alleges she is a New York citizen, brought this claim against Defendant, who is alleged to be a citizen of New Jersey, under 28 U.S.C. § 1332. Plaintiff alleges damages in excess of $75,000. (Compl., ECF No. 1, ¶ 12.)

2

**II. Defendant's Motion to Amend the Answer**

On October 26, 2022, Defendant requested a pre-motion conference to address an anticipated motion to amend its answer, "solely to add an affirmative defense that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations." (Pre-Mot. Conference Req., ECF No. 30, at 1.) Defendant indicated that it is seeking to add the defense now "because, during Plaintiff's [August 24, 2022] deposition, she confirmed that her Complaint . . . contained factual errors" as to when she began using the shampoo at issue and noticing hair loss, which "render[] her claims untimely under the three-year statute of limitations applicable to her personal injury claims."[2] (*Id.*) Defendant explained that "[b]ecause Plaintiff's personal injury claims are governed by a three-year statute of limitations . . . Unilever did not assert the limitations period as an affirmative defense in its Answer." (*Id.* (citing *Perciballi v. Ethicon, Inc.*, No. 20-CV-5178 (AMD) (RER), 2021 WL 810339, at *4 (E.D.N.Y. Mar. 3, 2021), *aff'd*, No. 21-901, 2022 WL 3147781 (2d Cir. Aug. 8, 2022)).) Defendant asserts that "[i]t was only during Plaintiff's deposition that she provided the necessary specificity for Unilever to conclude that her claims are barred by the statute of limitations." (*Id.* at 2.) "In particular, Plaintiff confirmed that she purchased the shampoo in 2017 and allegedly noticed hair loss in early 2018." (*Id.*) Accordingly, Defendant argues that it is entitled to amend its answer pursuant to Rule 15(a)(2). (*See generally id.*)

Plaintiff does not consent to Defendant's proposed amendment. (Resp. to Def.'s Pre-Mot. Conference Req., ECF No. 31.) She argues that the Court should deny

---

[2] Defendant argues that the timing of its request is justified as follows: "In light of Plaintiff's incorrect allegations in her Complaint and vague discovery responses, Unilever was entitled to depose Plaintiff before burdening the Court with . . . a motion to amend." (Def.'s Supp. Br., ECF No. 35, at 3.) *See also Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 37–38 (S.D.N.Y. 2016) ("[I]t was proper for Plaintiffs to wait until after [the] deposition to seek leave to amend.").

3

Defendant's motion because Defendant has not established "good cause" to amend at this time. (Letter re Def.'s Mot. to Amend Answer, ECF No. 32 (arguing that "Rule 16(b)(4)'s 'good cause' standard applies to any effort to amend the pleadings after January 6, 2022, including Defendant's current motion to amend to include a statute of limitations defense").)

In support, Plaintiff asserts that, "[o]n November 1, 2021, Plaintiff served Defendant with verified interrogatory responses disclosing that Plaintiff purchased one bottle of TRESemmé in 2017 and another bottle in 2018 and . . . 'experienced hair loss . . . beginning in 2018'" and that "Defendant did not seek any further information from Plaintiff and did not seek to amend." (*See* Resp. to Def.'s Pre-Mot. Conference Req., ECF No. 31, at 1; *see also* Letter re Def.'s Mot. to Amend Answer, ECF No. 32, at 2–3.) Additionally, Plaintiff argues that allowing Defendant to amend will unduly prejudice her by requiring additional discovery, as "she will have to expend substantial additional resources[,] and the litigation . . . will be unduly delayed." (Letter re Def.'s Mot. to Amend Answer, ECF No. 32, at 5.) Finally, Plaintiff argues that "because it is incredibly difficult in these types of cases to determine when the statute of limitations begins to run, it would be futile for Defendant to assert a statute of limitations defense." (*Id.* at 4; *see also* Resp. to Def.'s Pre-Mot. Conference Req., ECF No. 31, at 3 ("Until such time Plaintiff noticed severe hair loss and sought medical treatment in June 2019, Plaintiff's statutory time to file the case did not begin to run." (citing *In re N.Y.C. Asbestos Litig.*, 39 N.Y.S.3d 629, 633 (N.Y. Sup. Ct. 2016)).) To lend support to her futility argument, Plaintiff impliedly states that her claim should be evaluated as a case of exposure to toxic substances under N.Y. C.P.L.R. § 214-c, meaning that the statute of limitations was tolled until the discovery of her injury, as opposed to commencing on the date of her injury. (Resp. to Def.'s Pre-Mot. Conference Req., ECF No. 31, at 3.)

4

On November 21, 2022, a pre-motion conference was held regarding Defendant's anticipated motion to amend its answer. (Nov. 21, 2022 ECF Minute Entry and Order.) Both parties consented to converting their pre-motion conference letters to briefing on the motion. (*Id.*) In light of the oral argument held at the conference, however, the parties were permitted to submit supplemental briefs and were specifically directed to address the applicable standard to Defendant's proposed amendment under *Sacerdote v. New York University*, 9 F.4th 95 (2d Cir. 2021), and whether any prejudice would result from granting Defendant's request to amend. (*Id.*) The order also gave the parties the opportunity to address "whether any claim of prejudice can be mitigated by further discovery, if necessary." (*Id.*)

The parties subsequently filed their supplemental briefs on December 2, 2022 and December 19, 2022. (*See* Letter re Def.'s Mot. to Amend Answer, ECF No. 32; Def.'s Supp. Br., ECF No. 35.) Plaintiff interprets *Sacerdote* as "demonstrat[ing] the finality of the Court's language and the need for Defendant to establish 'good cause' to amend its answer after the Court-imposed January 6, 2022 deadline," pursuant to Rule 16(b)(4). (Letter re Def.'s Mot. to Amend Answer, ECF No. 32, at 1.) Conversely, Defendant argues that, under *Sacerdote*, its motion to amend should be governed by Rule 15(a)(2). (*See* Def.'s Supp. Br., ECF No. 35.)

## DISCUSSION

### I. Legal Standards

#### A. Motion to Amend: Federal Rules of Civil Procedure 15 and 16

Rule 15(a)(1) sets the standard for amending the pleadings as a matter of course. "A party may amend its pleadings once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a

motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). The Second Circuit has observed that, "[a]t the outset of the litigation, a [party] may freely amend her pleadings pursuant to Rule 15(a)(1) as of right *without* court permission." *Sacerdote*, 9 F.4th at 115 (emphasis added).

Rule 15(a)(2) states that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Once the Rule 15(a)(1) period for amendment as a matter of course ends, the party "must move the court for leave to amend, but the court should grant such leave 'freely . . . when justice so requires' pursuant to Rule 15(a)(2)." *Sacerdote*, 9 F.4th at 115. "This is a 'liberal' and 'permissive' standard, and the only 'grounds on which denial of leave to amend has long been held proper' are upon a showing of 'undue delay, bad faith, dilatory motive, . . . futility,'" or undue prejudice. *Id.* (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

The period of Rule 15(a)(2) "liberal" amendment ends "if the district court issues a scheduling order setting a date after which no amendment will be permitted." *Sacerdote*, 9 F.4th at 115. While it is still possible for a party to amend the pleadings even after such a deadline, such amendments are governed by Rule 16(b)(4)'s heightened "good cause" standard. *See id.* Rule 16(b)(4) states: "A schedul[ing] [order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The . . . 'good cause' inquiry is primarily focused upon the diligence of the movant in attempting to comply with the existing Scheduling Order . . . ." *Ramchandani v. CitiBank Nat'l Ass'n*, 616 F. Supp. 3d 353, 357 (S.D.N.Y. 2022). "A party is not considered to have acted diligently where the proposed amendment is based on information that the party

6

knew, or should have known, in advance of the motion deadline." *Guity v. Uniondale Union Free Sch. Dist.*, No. 12-CV-1482 (SJF) (AKT), 2014 WL 795576, at *4 (E.D.N.Y. Feb. 27, 2014). Additionally, "[t]he burden of demonstrating good cause rests with the movant." *Ramchandani*, 616 F. Supp. 3d at 357.

In *Sacerdote*, the Second Circuit clarified that "[d]istrict courts wishing to evaluate motions for leave to amend under Rule 16 after a particular date need only write their scheduling orders consistent with that intent, and state that no amendment will be permitted after that date in order to trigger the Rule 16 standard." *Sacerdote*, 9 F.4th at 116. For instance, the scheduling order in *Sacerdote* provided: "Amended pleadings may not be filed, and no party may be joined, without leave of Court more than 10 days after the filing of this Order or the filing of a responsive pleading, whichever occurs first." *Id.* at 114. Ultimately, the court determined that "[t]he language of the scheduling order . . . set the deadline (ten days) for amending *without* leave of court[,] [setting] no expiration date after which all amendments were prohibited, which would have triggered the stricter Rule 16(b)(4) 'good cause' standard thereafter." *Id.* at 115.

Accordingly, under *Sacerdote*, scheduling orders without particularized language *prohibiting* amendments after a date certain do not trigger Rule 16(b)(4), meaning that proposed amendments should be analyzed under Rule 15. *See, e.g., Demopoulos v. United Metro Energy Corp.*, No. 19-CV-5289 (FB) (RLM), 2022 WL 2390986, at *1 (E.D.N.Y. Jul. 1, 2022); *Cherotti v. Exphand, Inc.*, No. 20-CV-11102 (SLC), 2022 WL 2108604, at *6 (S.D.N.Y. June 10, 2022). In *Demopoulos*, the scheduling order read: "Pleadings may be amended and new parties added until February 21, 2020." *Demopoulos*, 2022 WL 2390986, at *1. The *Demopoulos* court concluded that "[t]he deadline can reasonably be interpreted as restricting only the amendment of pleadings *without* leave, because the order did not

7

specify a date after which amendments *with* leave of court are prohibited."[3] *Id.* In *Cherotti*, the case scheduling order read, in pertinent part: "Amended Pleadings due by 8/23/2021." *Cherotti*, No. 20-CV-11102 (SLC) (S.D.N.Y), June 23, 2021 ECF Order, ECF No. 27. The *Cherotti* court found that "the [case management plan] (ECF No. 27) set no such deadline, i.e., a 'date after which all amendments were prohibited, which would have triggered the stricter Rule 16(b)(4) "good cause" standard thereafter.'" *Id.* at *6 (quoting *Sacerdote*, 9 F.4th at 115). The court concluded that "the more lenient standard of Rule 15(a)(2) governs Plaintiffs' Motion to Amend." *Id.*

### B. Statute of Limitations

New York law provides a three-year statute of limitations for personal injury claims, including claims for products liability and negligence. N.Y. C.P.L.R. § 214(5). The three-year statute of limitations begins when the injury occurs. *Freier v. Westinghouse Elec. Corp.*, 303 F.3d 176, 184 (2d Cir. 2002) ("Section 214(5) provides that, except as provided in § 214-c, claims of personal injury must be brought within three years of the date of injury."); *Victorson v. Bock Laundry Mach. Co.*, 37 N.Y.2d 395, 399–400 (1975) ("We now hold that the period of limitation with respect to these [strict products liability] claims begins to run at the date of injury and that the duration of such period is that found in CPLR 214 (subds. 4, 5) under which there is a limitation of three years in actions for personal injury and property damages.").

New York law also states that for an action alleging "personal injury or injury to property caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body," the statute of limitations for such

---

[3] Instead of utilizing a Rule 15 analysis, the *Demopoulos* court adopted a hybrid standard that balanced Rules 15(a) and 16(b), given the specific facts and procedural history of that case. *Demopoulos*, 2022 WL 2390986, at *1. The Court declines to do so here, concluding that a Rule 16(b) analysis is not necessary. (*See infra* Section II.A.)

8

toxic exposure cases "shall be computed from *the date of discovery of the injury* by the plaintiff or from the date when through the exercise of reasonable diligence such injury *should have been discovered* by the plaintiff, whichever is earlier." N.Y. C.P.L.R. § 214-c(2) (emphasis added). In cases involving allegations of toxic exposure, the statute of limitations is generally tolled until discovery of the injury. *See In re New York County DES Litig.*, 89 N.Y.2d 506, 509 (1997) (observing that in actions for "damages resulting from exposure to a harmful substance" "the time for bringing the action begins to run under the statute when the injured party discovers the primary condition on which the claim is based"); *see also Vuksanovich v. Airbus Americas, Inc.*, 608 F. Supp. 3d 92, 104 (S.D.N.Y. 2022), *appeal dismissed* (2d Cir. Aug. 31, 2022) (discussing when the statute of limitations begins to run in personal injury cases under N.Y. C.P.L.R. § 214-c(2)). This standard generally focuses on a plaintiff's discovery of their injuries, not a doctor's diagnosis. *Gaillard v. Bayer Corp.*, 986 F. Supp. 2d 241, 246 (E.D.N.Y. 2013) (*quoting Galletta v. Stryker Corp.*, 283 F. Supp. 2d 914, 917 (S.D.N.Y. 2003)) ("In other words, '[t]he three year limitations period runs from the date when plaintiff first noticed symptoms, rather than when a physician first diagnosed those symptoms.'"). This statute is, however, reserved for "toxic" torts, which arise from latent exposure within the meaning of § 214-c(2). *Baker v. Stryker Corp.*, 770 F. App'x 12, 15 (2d Cir. 2019).

### C. Pleading Affirmative Defenses

Federal Rule of Civil Procedure 8(c)(1) provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . statute of limitations." If a defendant does not state an affirmative defense in its answer to a complaint, that defense is typically waived. *See Nam v. Permanent Mission of Republic of Korea to United Nations*, No. 21-CV-6165 (JLR), 2023 WL 2138601, at *16 (S.D.N.Y. Feb. 21, 2023) (citing *Litton Indus., Inc. v. Lehman Bros. Kuhn Leob Inc.*, 967

F.2d 742, 751 (2d Cir. 1992)). Despite the general rule, exceptions have been made in cases where a statute of limitations defense was not initially pled in the answer. *See, e.g., Wilkins v. Specialized Loan Servicing, LLC*, 623 F. Supp. 3d 261, 263 (S.D.N.Y. 2022); *see also Islam v. Melisa*, No. 18-CV-2535 (KAM) (LB), 2020 WL 1452463, at *5–6 (E.D.N.Y. Mar. 24, 2020).

Indeed, in an exercise of discretion, courts may allow waivable affirmative defenses, including the applicability of the statute of limitations, to be brought for the first time as late as the summary judgment stage, so long as the opposing party has had an opportunity to respond and has not suffered prejudice due to the delay. *See Arciello v. County of Nassau*, No. 16-CV-3974 (ADS) (SIL), 2019 WL 4575145, at *4 (E.D.N.Y. Sept. 20, 2019); *see also Basso v. N.Y. Univ.*, No. 16-CV-7295 (VM), 2020 WL 7027589, at *10 (S.D.N.Y. Nov. 30, 2020) (allowing defendant to raise statute of limitations defense for the first time at the summary judgment stage because the plaintiffs had an opportunity to address the merits of that argument in their opposition papers and failed to identify any prejudice resulting from the defendant's delayed pleading).

## II. Analysis

### A. Applicable Standard

As mentioned above, the scheduling order here stated: "The deadline for joining additional parties and amending the pleadings is 1/6/2022." (Aug. 26, 2021 ECF Minute Entry and Order.) Nothing in this language precludes a subsequent motion to amend, and the Court did not intend for this language to prohibit amendments after this date in light of the liberal spirit of Rule 15. The Court also finds no material difference in the language of the scheduling order here when compared to the orders at issue in *Sacerdote*, *Demopoulos*, and *Cherotti*; each set a deadline for filing amendments without specifying that further amendments were prohibited. (*See* Aug. 26, 2021 ECF

Minute Entry and Order.) *See Sacerdote*, 9 F.4th at 114; *Demopoulos*, 2022 WL 2390986, at *1; *Cherotti*, 2022 WL 2108604, at *6. Given that the scheduling order here did not use particularized language *prohibiting* amendments after a certain date, Rule 15(a)(2) is the appropriate standard for evaluating applications to amend the pleadings and there is no need consider whether the movant meets the stricter Rule 16(b)(4) "good cause" standard.

### B. Futility

Plaintiff argues that Defendant's motion should be denied because the proposed affirmative defense is futile. (Resp. to Def.'s Pre-Mot. Conference Req., ECF No. 31, at 3.) "A proposed amendment to add an affirmative defense is futile when 'there is no colorable merit' to the defense." *Posadas de Mexico, S.A. de C.V. v. Dukes*, 757 F. Supp. 297, 302 (S.D.N.Y. 1991). To evaluate the futility of an asserted statute of limitations defense, the Court must of course consider a plaintiff's allegations as to when she was allegedly exposed to and potentially injured by a product, and when such injury was discovered.

The information in the record is somewhat unclear as to exactly when Plaintiff was first injured, or when she first noticed symptoms. (*See* Compl., ECF No. 1, ¶¶ 44–45 ("Plaintiff purchased TRESemmé Products containing DMDM in this District in 2020 . . . . After she began using Defendant's product containing DMDM Plaintiff began experiencing hair loss, thinning hair, and scalp irritation . . . ."); Pre-Mot. Conference Req., ECF No. 30, at 2 ("On August 24, 2022, Unilever deposed Plaintiff. . . . Plaintiff confirmed that she purchased the shampoo in 2017 and allegedly noticed hair loss in early 2018."); Resp. to Def.'s Pre-Mot. Conference Req., ECF No. 31, at 1 ("On November 1, 2021, Plaintiff served Defendant with verified interrogatory responses disclosing that Plaintiff purchased one bottle of TRESemmé in 2017 and another bottle

11

in 2018 and that Plaintiff 'experienced hair loss . . . beginning in 2018.'").) Given the information in the record and Plaintiff's deposition testimony, Defendant's claim that the statute of limitations may preclude recovery has "colorable merit." (*See* Pre-Mot. Conference Req., ECF No. 30.) *Posadas de Mexico, S.A. de C.V.*, 757 F. Supp. at 302.

In opposition to Defendant's motion, Plaintiff cites N.Y. C.P.L.R. § 214-c, arguing that her claim is one of personal injury related to toxic exposure, which may be commenced within three years of discovery of the injury. *See* N.Y. C.P.L.R. § 214-c(2). Plaintiff further argues that Defendant's motion is futile because the statute of limitations did not begin "[u]ntil such time Plaintiff noticed severe hair loss *and sought medical treatment* in June 2019." (Resp. to Def.'s Pre-Mot. Conference Req., ECF No. 31, at 3 (emphasis added) (citing *In re N.Y.C. Asbestos Litig.*, 39 N.Y.S.3d at 633).)

However, Plaintiff's argument that the statute of limitations began to run when she sought medical treatment in June 2019 is undercut by clear, binding Second Circuit and New York State caselaw. (*See* Resp. to Def.'s Pre-Mot. Conference Req., ECF No. 31, at 3.) As the Second Circuit observed in *Baker*, the New York Court of Appeals has defined "discovery" of an injury under § 214-c as "'discovery of the physical condition and not . . . the more complex concept of discovery of both the condition and the nonorganic etiology of that condition.'" *Baker*, 770 F. App'x at 15 n.1 (quoting *In re New York County DES Litig.*, 89 N.Y.2d at 514). Accordingly, in evaluating when the statute of limitations began to run, the *Asbestos Litigation* court observed that "[t]he issue of whether [the plaintiff's] symptoms were early symptoms which were too isolated or inconsequential for her to have discovered the injury before [the statute of limitations deadline]" was a question of fact and, therefore, "must be decided by the jury." *In re N.Y.C. Asbestos Litig.*, 39 N.Y.S.3d at 637.

Similarly here, the Court concludes that it is unclear exactly when Plaintiff was injured, discovered her injury, or, with reasonable diligence, should have discovered her injury. Therefore, even assuming that N.Y. C.P.L.R. § 214-c(2) applies,[4] the Court concludes that Defendant's asserted defense is colorable. Framed another way, the question of when the statute of limitations began to run in this case appears to be a question of fact, and, based on the timeline of when Plaintiff claims to have purchased the shampoo and started to experience symptoms, Defendant's proposed amendment plausibly asserts a statute of limitations defense. The proposed amendment is not futile. *See Marbury v. Pace Univ.*, No. 20-CV-3210 (JMF), 2021 WL 5521883, at *1 (S.D.N.Y. Nov. 24, 2021). The Court accordingly finds that leave to amend should be granted. *See Sacerdote*, 9 F.4th at 115.

### C. Undue Prejudice

A motion to amend may also be denied for other reasons, such as undue prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff argues that "[w]ith no affirmative statute of limitation defense at issue, Plaintiff lacked a fair opportunity to direct her discovery efforts and her expert report to rebutting a statute of limitations defense, however insufficient that defense may be," and that she is "prejudiced by Defendant's delay." (Resp. to Def.'s Pre-Mot. Conference Req., ECF No. 31, at 3 & n.2.) Yet, "the burdens of increased discovery, standing alone, do not suffice to show undue prejudice." *Partner Reinsurance Co. v. RPM Mortg., Inc.*, No. 18-CV-5831 (PAE), 2020 WL 6690659, at *13 (S.D.N.Y. Nov. 13, 2020); *see also Alicea v. City of New York*, No. 16-CV-

---

[4] The Court declines to opine at this point whether § 214-c(2) applies to Plaintiff's claims. As the New York Court of Appeals has observed, the applicability of § 214-c(2) appears limited to "toxic torts" involving "the discovery of the manifestations or symptoms of the latent disease that the harmful substance produced." *In re New York County DES Litig.*, 89 N.Y.2d at 514.

13

7347 (JLR), 2023 WL 3724131, at *3 (S.D.N.Y. May 30, 2023) ("Undue prejudice . . . requires more than an 'adverse party's burden of undertaking discovery' or the expenditure of additional time, effort, or money." (citing *U.S. ex rel Mar. Admin v. Cont'l Ill. Nat'l Bank & Tr. Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989))). As previously noted, the parties certified the close of fact discovery (with the exception of production from one non-party) in September 2022. (Sept. 7, 2022 Discovery Certification, ECF No. 28.) In her supplemental filing, Plaintiff identified some additional discovery that could be warranted in the face of a statute of limitations defense and reiterated her argument that undertaking that discovery will prejudice her because she will "have to expend substantial additional resources and the litigation (which was previously 'trial ready') will be unduly delayed . . . ." (Letter re Def.'s Mot. to Amend Answer, ECF No. 32, at 5.) Although it is possible some additional discovery may be needed, the Court does not find that the prejudice Plaintiff may suffer is undue; on balance, some limited, additional discovery and delay are not sufficient grounds to preclude granting Defendant permission to amend.

## CONCLUSION

For the foregoing reasons, Defendant's motion to amend to add a statute of limitations defense is granted. Defendant shall file its amended answer within two weeks.

**SO ORDERED.**

Dated: Brooklyn, New York
      July 7, 2023

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

14