UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ZEBIN HOSSAIN,

                  Plaintiff,

        -against-

UNILEVER UNITED STATES, INC.,

                  Defendant.
------------------------------------------------------------X

**ORDER**
21-CV-2833 (NCM) (TAM)
(Not for Publication)

**TARYN A. MERKL**, United States Magistrate Judge:

WHEREAS, on January 23, 2026, Defendant filed a fully briefed motion for summary judgment and a fully briefed motion to preclude Plaintiff's expert, Dr. Marc Serota ("Serota"), from testifying at trial, both with voluminous exhibits, together with a joint motion to seal and a supporting memorandum seeking to file portions of these motions and exhibits under seal[1];

WHEREAS, having reviewed the motions, exhibits, and sealing requests in light of the well-established right of public access to judicial documents and the public's interest in monitoring the administration of justice,[2] *see Mirlis v. Greer*, 952 F.3d 51, 58–59

---

[1] *See* Mots. for Leave to File Document Under Seal, ECF 65, 66; Joint Letter, ECF 67; *see also* Def. Mem. of L. in Supp. of Mot. for Summ. J., ECF 65-2; Pl. Mem. of L. in Opp'n to Def. Mot. for Summ. J., ECF 65-24; Def. Reply, ECF 65-72 (summary judgment briefing); Def. Mem. of L. in Supp. of Mot. to Preclude Dr. Serota ("Def. Serota Mem."), ECF 66-2; Pl. Mem. of L. in Opp'n to Mot. to Preclude Dr. Serota ("Pl. Serota Opp'n"), ECF 66-21; Def. Serota Reply, ECF 66-36 (Serota preclusion briefing).

[2] When reviewing a motion to seal, courts consider three factors: (1) whether the document is a "judicial document"; (2) "the weight of the presumption of access to that

(2d Cir. 2020); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006);

*United States v. Aref*, 533 F.3d 72, 81–83 (2d Cir. 2008); *King Pharms., Inc. v. Eon Labs, Inc.*,

No. 04-CV-5540 (DGT) (RLM), 2010 WL 3924689, at *4 (E.D.N.Y. Sept. 28, 2010)

(collecting cases), the Court finds that the parties' motions to seal should be granted in

part and denied in part,

IT IS HEREBY ORDERED that the requests to seal pertaining to Defendant's

summary judgment and preclusion motions are GRANTED in part and DENIED in

---

document"; and (3) whether "all of the factors that legitimately counsel against disclosure of the judicial document" outweigh "the weight properly accorded the presumption of access." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quotation marks omitted).

Here, the parties are seeking to seal portions of briefs and exhibits submitted in support of Defendant's fully briefed summary judgment motion and motion to preclude Plaintiff's expert witness. Accordingly, in weighing the second factor, the Court affords significant weight to the presumption of access because the documents were submitted in support of a request for a judicial adjudication of a question impacting the scope of relief in this case. *See Miami Prods. & Chem. Co. v. Olin Corp.*, No. 19-CV-0385 (EAW), 2025 WL 3496140, at *3 (W.D.N.Y. Dec. 5, 2025) (collecting cases discussing the "strong presumption of public access" that applies to documents submitted in connection with a motion for summary judgment, and the "slightly lesser but still substantial presumption" that applies to *Daubert* motions). The Second Circuit has recognized "that the weight to be given" to the presumption of access to judicial documents falls along a continuum, and "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1049 (2d Cir. 1995); *see also Mirlis*, 952 F.3d at 60 ("The general and deeply rooted rule is that the presumptive right of access is afforded 'strong weight' when applied to documents that play a central role in 'determining litigants' substantive rights — conduct at the heart of Article III.'" (quoting *Amodeo II*, 71 F.3d at 1049)); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (finding that a "judicial document" is "relevant to the performance of the judicial function and useful in the judicial process" and that such documents are presumptively public (quotation marks omitted)).

part, and the parties may publicly file the motions and attachments with the redactions indicated in the proposed filings, except as follows:[3]

As discussed below, certain of the parties' sealing requests are denied because the requests to seal include important factual assertions and argument that are accorded a presumption of public access since they directly relate to the pending motions for summary judgment and/or preclusion. To the extent a specific sealing request is denied, the Court finds that the parties have not established either (1) that public filing of information as to which sealing is denied realistically risks disclosure of confidential

---

[3] The Court notes that this Order only addresses the documents containing proposed redactions highlighted in blue for information previously sealed by the Court in connection with the Class Certification motion briefing in the related action, *Candelaria v. Conopco, Inc.*, No. 21-CV-6760 (NCM) (TAM); in orange for Defendant's proposed redactions; and in green for Plaintiff's proposed redactions. All documents that have no indicated redactions, together with appropriately redacted public versions of the documents as to which redactions are permitted, shall be filed publicly.

Unless otherwise indicated, the remainder of the parties' proposed redactions are approved. For example, Defendant's requests to seal information related to product sales from Def. R. 56.1 Statement, ECF 65-3, ¶¶ 95, 97, and to seal information related to product reformulation strategy from Fearon Decl., Ex. 5 (Carew Dep. Tr.), ECF 65-32, are approved. Likewise, Plaintiff's request to seal Lambert Decl., Ex. H (Dalal Med. Recs.), ECF 65-18 (refiled at ECF 66-15), and Lambert Decl., Ex. I (DiCicco Med. Recs.), ECF 65-19 (refiled at ECF 66-16), in their entirety, are approved; the Court finds that Plaintiff's privacy interests in the information requested to be filed under seal — Plaintiff's entire medical history — outweighs the information's relevance to the judicial process in this context. Similarly, Defendant's requests to redact portions of or to seal the documents filed at ECF 65-39, 65-56, 65-57, 65-58, and 65-59 are approved, inasmuch as the Court previously approved the redaction and sealing of these documents in the class certification briefing in the related action. *See* Class Cert. Sealing Order, ECF 57, at 2 n.2; Jan. 31, 2025 ECF Order, in *Candelaria v. Conopco, Inc.*, No. 21-CV-6760 (NCM) (TAM). To the extent that certain exhibits are filed in support of multiple motions, the Court's grant or denial of the parties' proposed redactions shall apply to all instances in which the exhibit appears. *E.g.*, any approved redactions in the Serota Report, filed at ECF 65-11 & 66-8, shall be applied across both copies of the report.

business information, trade secrets,[4] or third parties' private information, or (2) that the proposed redactions regarding Plaintiff's sensitive medical information are narrowly tailored to preserve Plaintiff's privacy interest in that information. *See Lugosch*, 435 F.3d at 120. Thus, the parties have failed to establish that the risk of disclosure outweighs the presumption of public access, and

The Court's conclusions are as follows:

(1) Plaintiff's requests to seal specific language (highlighted in green) from Defendant's Statement of Undisputed Material Fact, ECF 65-3, are GRANTED in part and DENIED in part. Specifically, Plaintiff **may** redact the names of (i) any medical condition with which Plaintiff was diagnosed or for which she was tested or sought treatment, (ii) the name of any medication or other treatment she was prescribed or which she underwent for such condition, or (iii) any precipitating life event identified as a possible alternative cause of hair loss.[5] Plaintiff may **not** redact the remainder of any sentence in which

---

[4] It is well established that considerations of "a business's proprietary information, such as trade secrets or confidential research" can override the public right of access to judicial documents. *Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009). Here, the Court finds that Defendant's requests to seal its proprietary information are generally narrowly tailored to protect sensitive business information such as sales figures or product formulations, outweighing the presumption of public access to court proceedings.

[5] Courts routinely grant motions to seal sensitive medical information of the kind Plaintiff seeks to redact here. *See Robinson v. De Niro*, No. 19-CV-9156 (LJL) (KHP), 2022 WL 2712827, at *2 (S.D.N.Y. July 13, 2022). However, "[w]here documents directly affect an adjudication, or are used to determine litigants' substantive legal rights, the presumption of access is at its zenith, and thus can be overcome only by extraordinary circumstances." *42West LLC v. Gould*, No. 21-CV-1581 (OTW), 2024 WL 4263235, at *2 (S.D.N.Y. Sept. 20, 2024) (quotation marks omitted). Moreover, it is axiomatic that a plaintiff who brings a lawsuit where

4

any such reference appears or the surrounding context. For example, Plaintiff may not redact ¶¶ 36–40 except for the name of the medication referenced in those passages; in ¶¶ 45–46, Plaintiff may redact only the name of the condition with which her husband was diagnosed. As noted *supra* note 3, Defendant's requests (highlighted in orange) to seal sales information in ¶¶ 95, 97 of this document are granted.

    a. The parties' requests to seal specific language from Plaintiff's Statement in Response, ECF 65-25, are correspondingly GRANTED in part and DENIED in part.

---

her medical history is at issue has a diminished privacy right in medical records relevant to the resolution of her claims. *See Crawford v. Manion*, No. 96-CV-1236 (MBM), 1997 WL 148066, at *2 (S.D.N.Y. Mar. 31, 1997) (collecting cases).

Here, Plaintiff's medical history, including past diagnoses and treatment that may be alternative causes of her hair loss, is directly relevant to the adjudication of the underlying motions. While mindful that "Plaintiff's privacy interest in her medical information provides a compelling countervailing interest in favor of sealing," the Court finds that many of Plaintiff's requests to redact sensitive medical information are not narrowly tailored to protect this interest when balanced against the public's right of access. *Robinson*, 2022 WL 2712827, at *2; *see Braxton v. City of New York*, No. 17-CV-0199 (GBD) (SDA), 2021 WL 7287625, at *7 (S.D.N.Y. Dec. 7, 2021), *report and recommendation adopted sub nom. Braxton/Obed-Edom v. City of New York*, 2022 WL 443816 (S.D.N.Y. Feb. 14, 2022); *see also Nielson Consumer LLC v. Circana Grp., L.P.*, No. 22-CV-3235 (JPO) (KHP), 2024 WL 990073, at *2 (S.D.N.Y. Mar. 6, 2024) (observing that a "sealing request is narrowly tailored when it seeks to seal *only* that information that must be sealed to preserve higher values," including "personal privacy interests" (quotation marks omitted)).

For the foregoing reasons, the Court finds that a sealing protocol whereby the parties' arguments regarding the *import* of Plaintiff's medical history, and any corresponding references to the record, remain publicly available, but the names of any of Plaintiff's conditions/diagnoses, prescriptions/treatments, or life events identified as precipitating hair loss may be redacted, is narrowly tailored to preserve Plaintiff's privacy interests while ensuring the public's right of access. Additionally, to the extent that this Order approves any part of Plaintiff's proposed redactions of sensitive medical information, the Court notes that the decision of whether to seal any portion of the order(s) on the underlying motions that reference Plaintiff's medical history is, of course, not binding on the assigned district judge, and the determination as to whether to file any opinion or order under seal is reserved for the court. *See Braxton*, 2021 WL 7287625, at *7 (allowing certain exhibits to be filed under seal, but not sealing the order discussing said exhibits and collecting cases).

(2) Plaintiff's requests to seal specific language (highlighted in green) and images from Lambert Decl., Ex. A (Serota Report), ECF 65-11 & ECF 66-8, are GRANTED in part and DENIED in part. Plaintiff's proposed redactions are approved in accordance with the protocol described *supra*, paragraph (1). For example, Plaintiff's proposed redactions to ¶ 37 are approved, as are Plaintiff's proposed redactions to the photos on pp. 10–13; as to ¶ 33, Plaintiff may only redact the name of the hormone being discussed.

(3) Plaintiff's requests to seal specific language (highlighted in green) from Lambert Decl., Ex. B (Pl. Dep. Tr.), ECF 65-12 & ECF 66-9, are GRANTED in part and DENIED in part. Plaintiff's request to redact personal information allowed to be sealed under Fed. R. Civ. P. 5.2(a)(2) on p. 6 is approved. Plaintiff may **not** redact pp. 75–113 except as such redactions are in accordance with the protocol described *supra*, paragraph (1). That is, Plaintiff may **not** redact pp. 75, 77, 83–84, 86–89, 94–95, 98–101, 104–107 or 109 at all; on pp. 76, 78–82, 85, 96–97, and 108, Plaintiff may **only** redact the names of any medications she was prescribed (including the name of the prescription shampoo discussed on pp. 96 and 97), or conditions with which she or her husband were diagnosed or treated.

(4) Plaintiff's requests to seal Lambert Decl., Exs. C & D (Dalal & DiCicco Hossain Dep. Trs.), ECF 65-13, 65-14, 66-10, & 66-11, and Fearon Decl., Exs. 6 & 7 (same), ECF 66-28 & 66-29, in their entirety are DENIED. To the extent that these documents contain sensitive medical information, Plaintiff may redact the names of specific diagnoses (*e.g.*, the two words at the end of line 10:2 and the second, third, and fourth words in line 13:16 in ECF 65-13 and ECF 66-10) in accordance with the protocol described *supra*, paragraph (1).

6

(5) Plaintiff's requests to seal specific language (highlighted in green) from Lambert Decl., Ex. E (Serota Hossain Dep. Tr.), ECF 65-15 & ECF 66-12, are GRANTED in part and DENIED in part. Plaintiff's proposed redactions on p. 143 are DENIED except as to the last word of line 143:8. Likewise, Plaintiff's proposed redactions on pp. 182–83 are DENIED except as to the name of the referenced medication (*i.e.*, the last word in line 182:1; the second word in 182:7; the first word in 182:12; the penultimate word on 182:16; the seventh word in 182:19; the fourth word in 183:6; the third word in 183:15; and the penultimate word in 183:21 may all be redacted).

   a. Plaintiff's requests to seal specific language (highlighted in green) from Fearon Decl., Ex. 41 (Serota Hossain Dep. Tr.), ECF 65-68, are correspondingly GRANTED in part and DENIED in part.

   b. Plaintiff's requests to seal specific language (highlighted in green) from Fearon Decl., Ex. 2 (Serota Hossain Dep. Tr.), ECF 66-24, are correspondingly GRANTED in part and DENIED in part. The redactions on pp. 156–59, which pages the Court observes were not included in other filed versions of this transcript, are DENIED except as to the names of the referenced medication and Ms. Hossain's possible diagnoses (*i.e.*, the last word of 156:11, the first two words of 156:12, and the last three words of 157:9 may be redacted, as may any other instances of those words on pp. 156–59).

(6) Plaintiff's requests to seal specific language (highlighted in green) from Lambert Decl., Ex. F (Serota Detmar Tr.), ECF 65-16 & ECF 66-13, are GRANTED in part and DENIED in part. The proposed redactions on pp. 150–51 are GRANTED because they relate to sensitive medical information of a

7

third party to the instant action, although that third party is the plaintiff in a related case. The proposed redactions on pp. 85–86 are DENIED as not narrowly tailored to preserve a higher interest, as the statements generically reference prescription medication.

(7) Plaintiff's requests to seal specific language (highlighted in green) from Lambert Decl., Ex. G (Serota Candelaria Dep. Tr.), ECF 65-17 & ECF 66-14, are GRANTED in part and DENIED in part. The proposed redactions on pp. 32–33 are DENIED as not narrowly tailored to preserve a higher interest, as the statements generically reference various life events or illnesses that could cause hair loss. The proposed redactions on pp. 105–07 are GRANTED in part and DENIED in part, in accordance with the protocol described *supra*, paragraph (1). That is, Plaintiff may redact the names of the specific conditions referenced (*e.g.*, the first four words in 105:11; the third word in 105:18 and last word in 105:19), but no other surrounding text.

    a.  Plaintiff's proposed redactions in the Fearon Decl., Ex. 43 (Serota Candelaria Dep. Tr.), ECF 65-70, are correspondingly GRANTED in part and DENIED in part. The redactions on pp. 92–104, which pages the Court observes were not included in other filed versions of this transcript, are DENIED except as to the names of the referenced medication and Ms. Hossain's possible diagnoses. That is, Plaintiff may not make any redactions on p. 92; on pp. 93–97, Plaintiff may redact the names of the conditions for which Plaintiff was evaluated or with which she was diagnosed (*e.g.*, the first word of 93:17, the last word of 93:21, the first word of 95:2 and the first two words of 96:4). The same protocol shall apply to Plaintiff's proposed redactions on p.

104: that is, Plaintiff may redact the last word of 104:10, the last three words of 104:18, and the fourth word of 104:20, but no other words on that page.

(8) Plaintiff's requests to seal specific images from Lambert Decl., Ex. L (Photos), ECF 65-22 & ECF 66-19, are GRANTED in part and DENIED in part. Specifically, the first three photos may be redacted in the subsequent public filing, but the fourth photo may not be redacted.

(9) The parties' requests to redact certain language in DeKoven Decl., Ex. A (DeKoven Report), ECF 65-5 & ECF 66-4, are GRANTED in part and DENIED in part. Specifically:

    a.  Plaintiff's proposed redactions on pp. 15 and 17–21 are GRANTED. Because the proposed redactions seek to seal a summary of Plaintiff's medical records (of which the Court has already approved the sealing, *see supra* note 3), the Court finds that these proposed redactions are narrowly tailored to protect Plaintiff's privacy interest.

    b.  Defendant's proposed redactions on pp. 5, 6, and 23 are GRANTED in part and DENIED in part. The proposed redactions in the final paragraph on p. 5 are DENIED; because the information reflects publicly accessible information (*i.e.*, "Guidelines in [the] United States and Europe [for] a safe concentration limit specifically for DMDM hydantoin"), the Court finds that sealing of this information would not protect "a business's proprietary information, such as trade secrets or confidential research." *Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009).

(10)    Plaintiff's requests to seal specific language (highlighted in green) from Fearon Decl., Ex. 34 (Candelaria's Resp. to First Set of Interrogs.), ECF 65-61 and Fearon Decl., Ex. 8 (Pl.'s Resp. to First Set of Interrogs.), ECF 66-30, are GRANTED, as the Court finds that the proposed redactions are narrowly tailored to preserve each individual's privacy interests in her sensitive medical information.

(11)    Plaintiff's requests to seal specific language (highlighted in green) from Def. Serota Mem., ECF 66-2, are GRANTED in part and DENIED in part, in accordance with the protocol described *supra*, paragraph (1). Specifically, Plaintiff may not redact any language on pp. 2, 7, 17, 20, 22, or 23; on pp. 6 and 11–12, Plaintiff may redact the name of the referenced medication and the name of her husband's diagnosis, but no other information.

a.  Similarly, Plaintiff's requests to seal specific language (highlighted in green) from Pl. Serota Opp'n, ECF 66-21, are GRANTED in part and DENIED in part. Plaintiff's proposed redactions on p. 11 are DENIED except as to the name of the medication and the redactions proposed in the last and third-to-last sentences on that page. Plaintiff's proposed redactions on p. 19 are likewise DENIED except as to the name of the medication.

b.  Plaintiff's requests to seal specific language (highlighted in green) from Def. Serota Reply, ECF 66-36, are DENIED in their entirety as not narrowly tailored to preserve Plaintiff's privacy interest in her sensitive medical information; and

IT IS FURTHER ORDERED, on the basis of the foregoing findings, the parties are directed to publicly file the fully briefed motions for summary judgment and for

preclusion and all attached exhibits with the redactions and sealing requests approved above.[6]

**SO ORDERED.**

Dated:  Brooklyn, New York
        April 23, 2026

_Taryn A. Merkl_
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

---

[6] The parties are directed to coordinate their filings such that the motion and opposition paperwork are filed in sequential order on ECF. Counsel should not re-file the documents that have already been filed under seal. To aid the parties and the Court, when filing the unsealed, redacted versions of the documents, the parties are directed to make clear in the docket text which publicly filed, redacted document relates to which sealed document, and the original ECF number for the sealed document when it was first filed. When filing exhibits, counsel must indicate the original ECF number in the description of the document.